In the Matter of the ESTATE OF Mabel ENGESETH.

Adeline JOHNSON, Appellant,

v.

Herman BISCHOF, Appellee.

In the Matter of the ESTATE OF Linda J. WILSON.

Adeline JOHNSON, Appellant,

v.

Herman BISCHOF, Appellee.

In the Matter of the ESTATE OF Herman W. JOHNSON.

Adeline JOHNSON, Appellant,

v.

Herman BISCHOF, Appellee.

Civ. Nos. 10640–10642.

Supreme Court of North Dakota.

July 18, 1984.

---

McGee, Hankla, Backes & Wheeler, Minot, for appellant; argued by Robert A. Wheeler, Minot.

William J. Daner, Bismarck, for appellee; argued by William J. Daner, Bismarck.

SAND, Justice.

Adeline Johnson (Adeline) appealed from an order appointing Herman W. Bischof (Bischof) administrator of the estate of Mabel Engeseth and personal representative of the estates of Linda J. Wilson and Herman W. Johnson.

Mabel Engeseth, Linda J. Wilson and Herman W. Johnson were brother and sisters. Mabel died 16 January 1980; Linda died 13 January 1982; and Herman died 13 February 1982. On 22 April 1983 Bischof, conservator of the estate of Grace B. Johnson, a sister of the three decedents, petitioned the court for an adjudication of intestacy, determination of heirs and appointment of himself as administrator of all three estates. On 10 May 1983 Adeline, a sister of the three decedents, also petitioned the court for an adjudication of intestacy, determination of heirs and appointment of herself as personal representative, or herself and Meredith Baarstad, a niece of each decedent, as co-personal representatives of the same three estates.

The court heard the petitions on 29 July 1983. Neither party appeared personally; however, counsel for both parties presented arguments. The parties stipulated that there was no disagreement regarding intestacy or determination of heirs.

Counsel for Bischof argued that Bischof was best qualified to serve as administrator of the estates because Adeline lived in California and generally visited North Dakota only once a year, usually in the summer. Counsel for Bischof also contended that if Adeline were appointed administrator many of her duties would have to be delegated to her niece, Meredith Baarstad, who lives in Bismarck.

Baarstad appeared at the hearing and testified that Adeline was about 78 years old and in excellent mental and physical health. Baarstad stated that, if necessary, she would be willing to assist Adeline in any way that she could.

The county court observed that no action or proceedings had been commenced within three years after Mabel Engeseth's death and, consequently, NDCC Sec. 30.1–12–08 (3–108), limiting the court's authority regarding the appointment of personal representative, applies as to her estate. But this section does not apply to the estates of Linda Wilson and Herman W. Johnson because their deaths have been less than three years.[1]

The trial court subsequently issued orders of intestacy and appointment of Bischof as personal representative in the estates of Wilson and Johnson and an order of intestacy and appointment of Bischof to administer the estate of Engeseth. Adeline Johnson appealed.

The only significant issue raised and argued on appeal was that the trial court erred in appointing Bischof instead of Adeline as administrator and personal representative in the respective estates. Bischof is also the county public administrator. See NDCC Chapter 11–21.

The controlling factor of the basic issue presented and argued involves priority for appointment which is generally covered by NDCC Section 30.1–13–03 (3–203) as follows:

"30.1–13–03. (3–203) Priority among persons seeking appointment as personal representative.

1. Whether the proceedings are formal or informal, persons who are not disqualified have priority for appointment in the following order:

a. The person with priority as determined by a probated will including a person nominated by a power conferred in a will.

b. The surviving spouse of the decedent who is a devisee of the decedent.

c. Other devisees of the decedent.

d. The surviving spouse of the decedent.

e. Other heirs of the decedent.

f. A trust company.

g. Forty-five days after the death of the decedent, any creditor.

2. An objection to an appointment can be made only in formal proceedings. In case of objection the priorities stated in subsection 1 apply, except that:

a. If the estate appears to be more than adequate to meet exemptions and costs of administration but inadequate to discharge anticipated unsecured claims, the court, on petition of creditors, may appoint any qualified person; or

b. In case of objection to appointment of a person other than one whose priority is determined by will by an heir or devisee appearing to have a substantial interest in the estate, the court may appoint a person who is acceptable to heirs and devisees whose interests in the estate appear to be worth in total more than half of the probable distributable value, or, in default of this accord, any suitable person.

3. A person entitled to letters under subdivisions b through e of subsection

---

**1.** This matter was not raised by either party at the trial or on appeal and is not essential to the disposition on the merits. Therefore, we will not make any comments thereon.

1 may nominate a qualified person to act as personal representative. Any person may renounce his right to nominate or to an appointment by appropriate writing filed with the court. When two or more persons share a priority, those who do not renounce must concur in nominating another to act for them, or in applying for appointment.

4. Conservators of the estates of protected persons, or if there is no conservator, any guardian except a guardian ad litem of a minor or incapacitated person, may exercise the same right to nominate, to object to another's appointment, or to participate in determining the preference of a majority in interest of the heirs and devisees that the protected person or ward would have if qualified for appointment.

5. Appointment of one who does not have priority, including priority resulting from renunciation or nomination determined pursuant to this section, may be made only in formal proceedings. Before appointing one without priority, the court must determine that those having priority, although given notice of the proceedings, have failed to request appointment or to nominate another for appointment, and that administration is necessary.

6. No person is qualified to serve as a personal representative who is:

a. Under the age of eighteen; or

b. A person whom the court finds unsuitable in formal proceedings.

7. A personal representative appointed by a court of the decedent's domicile has priority over all other persons except where the decedent's will nominates different persons to be personal representative in this state and in the state of domicile. The domiciliary personal representative may nominate another, who shall have the same priority as the domiciliary personal representative.

8. This section governs priority for appointment of a successor personal representative but does not apply to the selection of a special administrator."

NDCC Section 30.1–01–06 (1–201), General definitions, states in part:

"30.1–01–06. (1–201) General definitions. Subject to additional definitions contained in the subsequent chapters which are applicable to specific chapters, and unless the context otherwise requires, in this title:

.　　.　　.　　.　　.

7. 'Conservator' means a person who is appointed by a court to manage the estate of a protected person, and includes limited conservators as described by section 30.1–29–20.

.　　.　　.　　.

31. 'Personal representative' includes executor, administrator, successor personal representative, special administrator, and persons who perform substantially the same function under the law governing their status. 'General personal representative' excludes special administrator."

The term "general personal representative" is not defined, but as used in §§ 30.1–17–17 (3–617) and 30.1–17–18 (3–618) apparently means a personal representative with general authority as distinguished from limited authority.

"39. 'Special administrator' means a personal representative as described by sections 30.1–17–14 through 30.1–17–18." NDCC § 30.1–01–06(39)

We note the term "personal representative" includes "an administrator and a special administrator."

■ Grace B. Johnson, under § 30.1–13–03(1)(e), as an heir of the three decedents' estates, would have been in line with her sisters and brother for appointment as personal representative but, because she had incapacities and disabilities, and a conservator was appointed for her, she may not have qualified. While Bischof, her conservator, may not have been entitled to appointment in lieu of Grace (which we do not

decide), he is nonetheless entitled, under § 30.1–13–03(4), either to nominate or object regarding appointments.

■ The court, pursuant to § 30.1–13–03(2)(b), may appoint any suitable person if the heirs of more than one-half of the estate are not in accord as to who should be appointed. In this instance only the attorney for Grace Johnson, an heir, and her conservator, and the attorney for Adeline, an heir, appeared and objected to the appointment of Adeline and Bischof, respectively. The other heirs did not appear or object in any form to the appointment of either one of the petitioners, Adeline or Bischof. Neither did they express approval of either one of the petitioners. Under this condition and circumstance, the trial court concluded, and we agree, that resort to § 30.1–13–03(2)(b) and (5) was appropriate.

■ As a general rule and in accordance with the statutory provisions and, in our opinion, a *domiciled heir*, a member of the family in its enlarged sense, if available, is and should be given priority for appointment as personal representative or administrator. However, this is not an inflexible position. Extenuating circumstances may and at certain instances must be considered. In making this observation we are not suggesting that the heirs take an active position for or against a matter in every instance. At times a passive position is welcome if the situation does not demand an active position. In this instance only the petitioners, Bischof and Adeline, appeared. The nonaction of other heirs under this situation could be construed to mean whatever the petitioners do is all right with us. Those two disagreed and did not reach an accord. Consequently, the court appropriately acted pursuant to § 30.1–13–03(2)(b) and (5).

■ The court, in making its appointments, considered the interest or noninterest of the heirs regarding the appointments. More than three years had passed since the death of Mabel Engeseth but the heirs took no action. Adeline did not take any action until Bischof petitioned for appointment, after which she petitioned for appointment. Adeline, 78 years of age, one of the heirs and petitioners, is a resident of California and, in the past, has visited North Dakota only about once a year. Bischof is a public administrator. The court could have justifiably taken into consideration that Adeline made no move regarding the estates until after Bischof petitioned for appointment and concluded that Adeline did not have a *genuine* interest in the estates. Conceivably the other heirs showed no "interest" initially and, after the petitions were filed, decided not to interfere and to accept the court's decision and its legal results.

The court, in its opinion and order, also took into consideration that, because of NDCC § 30.1–12–08, Bischof was a proper person to be appointed to handle the Engeseth estate and, in addition, was a "suitable person," under § 30.1–13–03(2)(b), for appointment as personal representative of the Wilson and Johnson estates, and that the appointment of Adeline as personal representative for the Wilson and Johnson estates would "involve unneeded duplicity of work and may be more difficult because of Adeline's residence in California," and that the best interests of all estates would be served by having one person handle all three estates.

Under the foregoing circumstances we cannot justifiably conclude, as a matter of law, that the court erred in appointing Bischof as administrator of the Engeseth estate, and as personal representative of the Wilson and Johnson estates. Accordingly, the orders of appointment are affirmed.

ERICKSTAD, C.J., and PEDERSON, J., concur.

VANDE WALLE, Justice, concurring specially.

I agree with the result reached in the majority opinion concerning the Mabel Engeseth estate. Because the heirs took no action for more than three years the trial court was justified in appointing an administrator for the estate. Insofar as the es-

tates of Linda J. Wilson and Herman W. Johnson are concerned, I concur reluctantly in the result reached by the majority opinion. I agree that the applicable statutes permit the trial court to reach its result but I feel compelled to comment that it seems a strange statutory scheme that gives a stranger equal status with the heirs of an estate when an heir is qualified to act as personal representative. Here, the trial court found Adeline was qualified and that "no difficulty or apparent problems" would exist in appointing her as personal representative. There is a point when legislators and judges alike should stop to consider the necessity of government interference in the lives and property of a family. The public has long been suspicious of lawyers and judges insofar as the probate of estates is concerned. The majority opinion will not help to lessen that suspicion.

GIERKE, Justice (concurring).

I agree with the special concurrence of Justice VandeWalle. While Bischof, as conservator of Grace Johnson, stands on equal footing with Adeline Johnson as it pertains to objecting to the appointment of a personal representative, in my opinion he does not have equal priority for appointment. However, as pointed out in the majority opinion, § 30.1–13–03(2)(b), N.D.C.C., gives the court the authority to appoint any suitable person if the heirs of one-half the estate are not in accord as to whom should be appointed.

In the estates of Linda J. Wilson and Herman W. Johnson, I would prefer the appointment of a family member, but I cannot find that the trial court abused its discretion in the appointment that it made.

I am also troubled by a statement in the majority opinion which appears to in some way distinguish a domiciled heir from other heirs as it pertains to priority for appointment as a personal representative. I am unaware of any statutory provision which so provides. I believe that the domicile of a proposed personal representative is a valid consideration for the court, but the priority statute, § 30.1–13–03, N.D.C.C., makes no distinction based on domicile.